GEORGE HOISINGTON, *et al.*, V. GEORGE HUFF.

WAIVER OF EXEMPTION *in Written Lease.* Where a tenant has waived in a written lease the benefit of the exemption laws for all debts contracted for rent, and a judgment is rendered before a justice of the peace against the tenant for rent named in the lease, the personal property of such tenant, otherwise exempt, is subject to seizure and sale upon execution.

*Error from Dickinson District Court.*

REPLEVIN, brought by *Huff* against *Hoisington* (constable) and another, to recover the possession of a certain mare claimed to be exempt. The facts are stated in the opinion. Trial by the court at the March Term, 1880, and judgment for the plaintiff. The defendant brings the case here.

*Culbertson & Mead*, for plaintiffs in error.

*Hoffmire & Pierce*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in replevin, brought by the defendant in error against the plaintiffs in error to recover one dun mare, eight years old, of the value of ninety dollars, and claimed to be exempt. The case was tried to the court without a jury. Special findings of fact were made, which are as follows:

"1. That the defendant George Hoisington was a duly appointed and qualified constable for Grant township in said county [Dickinson], about the time of the detention of the property in the plaintiff's petition.

"2. That said property was levied upon and taken from the plaintiff, under execution issued by T. J. Crosier, a justice of the peace for said Grant township, by George Hoisington while acting as such constable.

"3. That said execution was issued upon a judgment in favor of the defendant, Mary A. Barnes, and against the plaintiff, George Huff, and that said judgment was for a balance due upon a lease of farming land.

"4. That said lease contained a clause waiving, upon the part of the present plaintiff, George Huff, all right or exemption of personal property from seizure or attachment for any rent that might be due under the same, and that said lease was executed by said plaintiff.

"5. That no reference was made in said exemption of the waiver aforesaid in the lease, and that the judgment in said action of Mary A. Barnes v. George Huff was for rent due under said lease, and that there was no recital of the waiver aforesaid in said judgment.

"6. That at the time the said levy was made, the plaintiff was the owner of the said property and had the same in his possession, and was, at the commencement of this suit, entitled to the immediate possession thereof.

"7. That the said plaintiff was and is the head of a family, and that the said property, to wit, one dun mare, was within the description and enumeration of the statute, of personal property exemption, and was exempt from seizure and sale upon any attachment, execution, or other process; and the value of said mare was $90."

Upon the findings of fact, the court rendered judgment that the animal was exempt; that Huff was entitled to its

immediate possession, and that his damages for detention were $25.

Section 30, ch. 55, Comp. Laws 1879, provides: "A tenant may waive, in writing, the benefit of the exemption laws of this state for all debts contracted for rents." Huff waived his right of exemption in the lease executed to Mary A. Barnes; she obtained a judgment against him for a debt contracted under that lease, and had the right to levy upon the property in controversy. The failure of the justice to incorporate in the judgment and execution any reference to the written waiver, did not prevent this property from being taken by the constable on execution. Under the waiver, the property was not exempt; not being exempt, it was subject to seizure and sale upon legal process. (*Frost v. Shaw,* 3 Ohio St. 270; *Greeno v. Barnard,* 18 Kas. 518.)

The judgment of the district court will be reversed, and the case remanded with the direction to enter judgment upon the findings in favor of the plaintiffs in error.

All the Justices concurring.