## AUSTIN McCRAIRY v. E. F. WARE.
### No. 253.

PROMISSORY NOTE—*stipulation in, for appearance in court in behalf of payor by attorney appointed by payee, void.* The plaintiff filed his petition in the Shawnee County Circuit Court against the defendant, asking judgment upon a promissory note containing the following agreements: "To secure the payment of this note, I hereby stipulate that, if suit be brought upon it in any court of record in the city of Topeka, Kansas, I hereby authorize, irrevocably, any attorney of such court to appear for me therein at any time hereafter, within the year 1892, and enter an appearance therein for me and file a written waiver of the issuance and service of a summons in such suit." The plaintiff selected an attorney of the court, who entered an appearance for the defendant, in writing, expressly disclaiming any authority therefor except such as was contained in the note. At a subsequent term, without further appearance, the court rendered judgment as upon default therein. *Held*, that such entry of appearance was without authority in law and conferred no jurisdiction upon the court.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed December 18, 1897. *Reversed.*

156    MᴄCʀᴀɪʀʏ ᴠ. Wᴀʀᴇ.

N. Dept.         Opinion.   Mahan, P. J.         6 Kan. App.

*A. M. Keene*, for plaintiff in error.

*E. F. Ware*, for himself.

Mᴀʜᴀɴ, P. J.   The defendant in error filed a petition in the Circuit Court of Shawnee County, which alleges that the plaintiff in error executed and delivered to him a promissory note of which the following is a copy :

" $700.           Fᴏʀᴛ Sᴄᴏᴛᴛ, Kᴀɴ., January 13, 1892.

" Ninety days after date, for value received, I promise to pay to the order of E. F. Ware, seven hundred dollars, at the First National Bank of Fort Scott, Kansas, with interest at ten per cent. per annum after maturity until paid.   Appraisement waived.   To secure the payment of this note, I hereby stipulate that, if suit be brought upon it in any court of record in the city of Topeka, Kansas, I hereby authorize, irrevocably, any attorney of such court to appear for me therein at any time hereafter, within the year 1892, and enter an appearance therein for me and file a written waiver of the issuance and service of a summons in such suit."

The plaintiff in error was, at the time the petition was filed, a non-resident of the State of Kansas. The petition further alleges that he refused to come into the State so that the court could acquire jurisdiction over him, and refused to enter any appearance in the case or to appoint any attorney within the State for that purpose, although he had been requested so to do. The petition requests that J. B. Larimer, attorney at law, enter an appearance for the defendant in error and waive the issuance and service of summons.  J. B. Larimer did file a paper signed by him, purporting to enter an appearance upon the behalf of the defendant, but expressly stating that he had not any authority from the defendant so to do unless it was given by the

McCRAIRY v. WARE. 157

Dec. 18, 1897.        Opinion.    Mahan, P. J.        E. Div.

note sued upon.    The court assumed to have jurisdiction by reason of such entry of appearance, filed on April 4, 1892, and on November 30, 1892, entered judgment against the plaintiff in error, on the note, for $746.65 and costs.    It is admitted in the record that the plaintiff in error had no knowledge of the commencement of this suit until after the judgment was entered.    Afterwards, prior to April 19, 1893, the plaintiff in error filed his motion to set aside the judgment on the ground that the court had no jurisdiction of the person of the defendant for the purpose of rendering personal judgment against him.    On April 19, 1893, this motion came on to be heard before the Circuit Court and was denied, to which order denying the motion the plaintiff in error excepted.    He brings the case here for review, upon a certified transcript of the record and proceedings of the court.

The only question in the case is as to the validity of the stipulation in the note authorizing any attorney whom the payee of the note may designate, to appear for the maker and confer upon the court jurisdiction without the maker's knowledge ; especially where it appears from the record that he refused to appoint any one, or to authorize any one to appear for him.

The mode of acquiring jurisdiction by a court of record in this State is governed by statute.    Aside from the actual service of summons upon a party, there are no provisions for the court's acquiring jurisdiction except those provided in section 67 of the Code, and in sections 402, 403, 404, 405, 407 and 408 of the Code, in relation to confession of judgments.    The jurisdiction of courts of record in the class of causes to which this belongs, is expressly confined to courts of the county where the defendant resides or wherein he may be summoned.    The provision of section 67

is, that an acknowledgment on the back of a summons
or the voluntary appearance of a defendant is equiva-
lent to service. The appearance of the defendant per-
sonally must be after suit is commenced. A defendant
may appear by an attorney at law, if the attorney is
authorized by him. The attorney may appear in
person in open court, or by any proper pleading or
proceeding recognized by the Code. The court can
acquire jurisdiction in no other manner except that
provided for by the Code of Civil Procedure. In order
to determine whether under this contract the defendant
would be bound by the act of selection by the plaintiff,
and the authority thereby conferred on an attorney, it
becomes necessary to inquire whether it is in harmony
with the provisions of the Code, or whether it is con-
trary to either the express provisions of the Code or to
the general policy of the State as established by them.

This contract does not purport to confer an author-
ity upon any specific attorney. It is not acknowledged
or proven as required by the provisions of section 403
of the Code. It creates no special agency in any one
for the purpose designated, but leaves it open for the
plaintiff filing his petition to designate some one as
the special agent of the defendant simply to enter an
appearance and give the court jurisdiction. It in
effect results in giving the defendant no day in court.
It would open the door to fraud and oppression and
make the courts involuntary parties thereto. In viola-
tion of the terms of section 4 of the Code, it requires
the presumption in the first instance that the contract
was executed because it is undenied, when in fact the
defendant has no knowledge of the pendency of the
suit and no opportunity to deny. The selection of
counsel would be in the interest of the plaintiff, hence
no denial would be reasonably expected. The court

acquires jurisdiction of the person of the defendant by act of the plaintiff, not under any provisions of the Code, against the defendant's interests, in the face of his posiitve refusal to appoint any one to appear for him or to appear for himself. It is in effect, though not in form, a confession of judgment contrary to the provisions of the Code, and without any of the safeguards thrown around such a proceeding; and we are of the opinion that it violates the very terms and spirit of the laws of the State and cannot be upheld.

Our conclusion is that the court rendered the judgment without jurisdiction of the defendant; and that the judgment is a void judgment, and, under the terms of the Code, can be set aside upon motion, as the defendant attempts to do in this case. The court erred in denying the motion. The order is reversed, with direction to the court below to sustain the motion and vacate the judgment.