JOHN KROENERT *et al.* v. C. MEAD *et al.*

No. 10824.

WAIVER OF EXEMPTION BY TENANT—*does not require consent of wife, notwithstanding § 3, ch. 120, Gen.·Stat. 1897.*  Chapter 176 of the Laws of 1889 (§ 3, ch. 120, Gen. Stat. 1897), which requires the joint consent of husband and wife to a mortgage of personal property, does not repeal nor in any manner affect section 5 of chapter 121, General Statutes of 1897, known as the Landlords and Tenants Act; and a tenant may still waive, in writing, the benefit of the exemption laws of this State for debts contracted for rent, without the joint consent of his wife.

Error from Cowley District Court.   A. M. Jackson, Judge.   Opinion filed October 8, 1898.   *Affirmed.*

*C. T. Atkinson,* for plaintiffs in error.

*J. Mack Love,* for defendants in error.

ALLEN, J.  This action was brought by John Kroenert and wife against the sheriff of Cowley County and certain judgment creditors of the plaintiff to recover certain tools and machinery which had been seized by the sheriff under executions in favor of the other defendants, and which had been used by the plaintiff in the operation of a canning factory and are claimed as exempt property.  The answer of Mead and Upton alleges that the judgment on which their execution was issued was for rent of a building occupied by the plaintiff, John Kroenert, under a written lease from them, by the terms of which he expressly waived the benefit of the exemption laws of Kansas to secure the payment of the rent.

To this the plaintiffs replied that at the time of the execution of the written lease mentioned in the answer of Mead and Upton, Kroenert was a married man and a resident of the State of Kansas ; that the property described in the plaintiffs' petition was exempt ;

that the lease was not signed by his wife; that her consent had never been given thereto, and that therefore Mead and Upton acquired no lien for their rent. To this reply the plaintiffs demurred, and the demurrer was sustained. Section 5, chapter 121, of the General Statutes of 1897, known as the Landlords and Tenants Act, provides:

"A tenant may waive, in writing, the benefit of the exemption laws of this State for all debts contracted for rent."

This section has been recognized as valid by this court. *Hoisington v. Huff*, 24 Kan. 379. But it is contended that section 3 of chapter 176 of the Laws of 1889 (§ 3, ch. 120, Gen. Stat. 1897), in effect repeals the section above quoted. It reads:

"It shall be unlawful for either husband or wife (where that relation exists) to create any lien, by chattel mortgage or otherwise, upon any personal property owned by either or both of them and now exempt by law to resident heads of families from seizure and sale upon any attachment, execution or other process issued from any court in this State, without the joint consent of both husband and wife; and from and after the time when this act shall take effect, no such mortgage of personal property shall be valid unless executed by both husband and wife."

The title to this act is—"An act to prohibit the mortgaging of exempt personal property without the joint consent of husband and wife."

In the brief of counsel for plaintiff in error it is assumed that a waiver of exemption operates to create a lien. The catch line above this section, as printed in the General Statutes of 1897 (§ 9, ch. 118), is misleading. The act of 1889 has no reference to waiver of exemptions. The title of the act mentions only the mortgaging of exempt personal property. The body of the act, however, includes the creation of liens by

mortgage or otherwise. But the act at most refers only to the creation of liens on exempt property. A waiver of exemption creates no lien on any property. Until seized in execution, a party who has waived the benefit of the exemption laws may sell or dispose of his exempt property with as perfect freedom as if no such waiver had been made. After the execution of the lease, Meade and Upton, for the purpose of the collection of their rent, stood in precisely the same relation to the exempt property of Kroenert that they did to his property, if any, which was not exempt from being applied to the payment of his debts generally, and in precisely the same relation that his general creditors would stand to any or all of his non-exempt personal property. No lien on any of it would be obtained until after its seizure under legal process. The well-marked distinction between the creation of a specific lien by chattel mortgage, pledge or otherwise, and a mere waiver of statutory exemptions, is recognized and commented on in the following cases : *Curtis v. O'Brien*, 20 Ia. 376 ; *Carter v. Carter*, 20 Fla. 570 ; *Frost v. Shaw*, 3 O. S. 270 ; *Branch v. Tomlinson*, 77 N. C. 388 ; *Jones v. Scott*, 10 Kan. 33 ; *Bowman v. Smiley*, 72 Am. Dec. 744, note. Whatever may be said in support of the proposition that the same reasons which prompted the Legislature to require the assent of the wife to a mortgage of exempt property would apply equally to a waiver of exemption in a lease, the Legislature has failed to use any language which by the most liberal construction can be held to repeal or affect the provisions of the Landlords and Tenants Acts, which allow a tenant to waive his exemption for the purpose of assuring the payment of his rent.

The judgment of the District Court is affirmed.