No. 42,582

Iowa Mutual Insurance Company, a corporation, *Appellee*, v. Harley V. Parr, and Barbara A. Parr, *Appellants*.

(370 P. 2d 400)

Opinion filed April 7, 1962.

*Barton P. Cohen*, of Kansas City, argued the cause, *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, Norma Braly, Jacob F. May,*

*Jr.,* and *Frederick K. Cross,* all of Kansas City, were with him on the brief for the appellants.

*John R. Caslavka,* of Kansas City, Missouri, and *John Murray,* of Leavenworth, argued the cause, and *Harry P. Thomson, Jr.,* of Kansas City, Missouri, was with them on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action on a contract. Appeal has been perfected by the defendants from a judgment of the trial court ordering the sale of their homestead to satisfy the judgment entered in favor of the plaintiff, and from an order of the trial court overruling the defendants' motion to set aside the order of sale of the defendants' homestead.

The primary question is whether a waiver of the homestead exemption contained in an indemnity agreement is valid.

On the 26th day of February, 1958, Harley V. Parr and Barbara A. Parr (defendants-appellants) husband and wife, executed an indemnity agreement with Iowa Mutual Insurance Company, a corporation (plaintiff-appellee) indemnifying the appellee for any losses it might sustain on certain statutory bonds to be executed by the appellee. Subsequently the appellee executed certain statutory bonds with the State Highway Commission of Kansas.

On the 17th day of February, 1960, Harley V. Parr filed his petition in bankruptcy in the United States District Court for the District of Kansas, and was duly adjudged a bankrupt. He listed his home located at Tonganoxie, Kansas, among his assets, and the same was later set aside as exempt. He also listed the appellee as a creditor with respect to any obligation that might arise under the indemnity agreement.

On the 6th day of May, 1960, the appellee filed a petition in the district court of Leavenworth County, Kansas, later amended on the 1st day of July, 1961, seeking judgment and requesting the court for an order decreeing a lien upon the appellants' real and personal property in the amount of $36,721.36, and for an order of sale of said property.

On the 7th day of July, 1961, Barbara A. Parr filed her petition in bankruptcy in the United States District Court for the District of Kansas, and was duly adjudged a bankrupt. She listed among her assets the homestead in Tonganoxie, Kansas, owned jointly with her husband. Thereafter, the homestead was set aside to her as exempt. She listed the appellee among her creditors with respect

to any obligation that might arise under the aforementioned indemnity agreement.

On the 20th day of July, 1960, the referee in bankruptcy entered an order staying the discharge of the bankrupts.

On the 12th day of July, 1960, Barbara A. Parr filed an affidavit and certificate with the clerk of the district court, indicating that she had applied for a discharge in bankruptcy. On the 21st day of July, 1960, Harley V. Parr filed a similar affidavit and certificate with the clerk of the district court.

After joinder of issues and trial of the matter the district court on the 27th day of January, 1961, found in accordance with the allegations of the petition and the foregoing facts and entered judgment against the appellants in the sum of $36,721.36. It decreed that the judgment should be a lien on the real property of the appellants, including their homestead, and that the homestead be sold to satisfy the judgment.

Thereafter on the 18th day of February, 1961, the appellants filed a motion to set aside the order of sale of their homestead, calling attention to the fact that this was their homestead, and that they had filed affidavits and certificates as provided by G. S. 1949, 60-3601. This motion was overruled and appeal has been duly perfected presenting the issues hereinafter discussed.

It is admitted the appellants owned and occupied the real estate here in question in Tonganoxie, Kansas, as their homestead at the time they executed the indemnity agreement, and that they owned and occupied the same real estate as their homestead when the judgment was entered and the lien impressed.

The paragraph of the indemnity agreement containing the waiver here in question reads as follows:

"NINTH: *Each of the undersigned does hereby waive all right to claim any property, including homestead, as exempt from levy, execution, sale or other legal process under the law of any state,* province or other government, *as against the rights of The Company to proceed against the same for indemnity hereunder.* Each of the undersigned authorizes and empowers any attorney in any state of the United States, at the request of The Company, to waive the issuing and service of process and to appear for and confess judgment against such undersigned for any sum or sums due under this agreement, together with costs of suit, without stay of execution, waiving inquisition and condemnation of any real estate; and to release all errors and waive all right of appeal and stay of execution in behalf of the undersigned; this authority to continue until The Company's liability under any Such Bond or Bonds shall have wholly terminated." (Emphasis added.)

The Kansas Constitution, Article 15, Section 9, provides in part:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife: . . ."

This provision is also found in G. S. 1949, 60-3501.

G. S. 1949, 60-3403, provides:

"Lands, tenements, goods and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold, as hereinafter provided."

From the foregoing it is apparent that property which is exempt is not subject to the payment of debts and may not be taken on execution and sold to satisfy those debts. The Kansas Constitution and the legislature have declared a homestead to be exempt. The homestead cannot be subjected to forced sale to satisfy debts except in the following situations: (1) To pay taxes; (2) to pay obligations contracted for the purchase of the homestead; (3) to pay obligations contracted for the erection of improvements on the homestead; or (4) any process of law obtained by virtue of a lien given by the consent of both husband and wife.

The instant case does not fall within any of these exceptions. This was recognized by the trial court. Clearly, none of the first three exceptions applies, and as to the fourth it was said in *Kroenert v. Mead,* 59 Kan. 665, 54 Pac. 684:

". . . A waiver of exemption creates no lien on any property. Until seized in execution, a party who has waived the benefit of the exemption laws may sell or dispose of his exempt property with as perfect freedom as if no such waiver had been made. . . ." (p. 667.)

If the waiver does not create a lien, then no lien was created by the joint consent of the husband and wife. There must be a valid lien on the particular homestead right when the waiver is made. (*West v. Grove,* 139 Kan. 361, 31 P. 2d 10.)

The indemnity agreement executed by the parties herein was an executory contract—one where the parties obligated themselves to perform in the future. (See, 12 Am. Jur., Contracts, § 9, pp. 506, 507.)

The trial court held the benefits of the homestead law were waived by the appellants when they executed the indemnity agreement. The appellants contend the state has clearly taken away the right of a creditor to subject the debtors' homestead to the payment of debts, and that any waiver in the indemnity agreement by the appellants was null and void and against the public policy of this state.

The appellee, on the other hand, contends the appellants cannot now repudiate and attempt to declare void the provisions of a contract they so willingly executed to induce the surety herein to protect them in the event of default.

Regarding the constitutional provision above quoted, it was said by Justice Brewer, speaking for the court, in *Monroe v. May, Weil & Co.*, 9 Kan. 466:

". . . The homestead is something toward which the eye of the creditor need never be turned. It is an element which may never enter into his calculations in his efforts to collect his debt. . . ." (p. 476.)

By the provisions of G. S. 1949, 67-530, a tenant may waive, in writing, the benefit of the exemption laws of this state for all debts contracted for rents. Decisions applying this statute have dealt with personal property exemptions. (*Hoisington v. Huff*, 24 Kan. 379; and *Kroenert v. Mead*, supra.)

Personal property exemptions were established by statute, G. S. 1949, 60-3504 and 60-3505. Thus, the legislature could by statute permit a waiver of those personal exemptions which it had created.

The general exemption laws of this state are those provisions included in G. S. 1949, 60-3501 to 60-3509, inclusive. In *West v. Grove*, supra, it was said regarding these provisions in the code:

". . . Those statutes may be said to be 'exemption laws of this state,' but anything that the legislature might see fit to enact or did enact could in no way limit the constitutional provisions with respect to a homestead. . . .

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"This section [Art. 15, § 9, Const.] was enacted as General Statutes of 1868, chapter 38, section 1, and now appears as R. S. 60-3501 [G. S. 1949, 60-3501]. That it was so enacted cannot be held to limit its force as a constitutional provision, nor to extend to R. S. 67-530 [G. S. 1949, 67-530] any power to dispose of a homestead except in a constitutional manner. . . ." (p. 363.)

In the *West* case a tenant by a provision in a lease on real estate agreed to waive the benefit of the exemption laws of the state of Kansas to secure the payment of rent. At the time the waiver was executed the tenant and his wife did not own a homestead, but

thereafter acquired real estate, other than the real property leased, and at all times thereafter occupied the same as their homestead. The agreement was construed and held by the court not to constitute a waiver of a homestead right thereafter acquired in other real estate.

The appellee attempts to distinguish the instant case from *West v. Grove,* supra, on the ground that the waiver herein was executed at a time when the appellants, husband and wife, owned and occupied the real estate in question as a homestead, and on the further ground that the waiver herein was of the homestead right and not the benefit of the exemption laws.

Another decision touching upon the waiver of a homestead right is *Schloss v. Unsell,* 114 Kan. 69, 216 Pac. 1091. There a widower without minor children or dependents claimed the homestead right, after executing a waiver. The waiver covered " 'any and all homestead and other exemptions to which I or we may be by law entitled.' " (p. 70.) The real estate sought to be subjected to the payment of his debts was owned and occupied as the homestead of the debtor when the waiver was made, and the property was continuously so occupied until the time of suit. The court upheld the waiver as valid. The case was readily distinguished in *West v. Grove,* supra, on the ground that the waiver was executed by a widower *without minor children or dependents.*

The primary concern of the homestead exemption provided in the Constitution of Kansas is to protect the family of the debtor. In *West v. Grove,* supra, the proceedings of the Wyandotte Constitutional Convention were summarized relative to the purpose of adopting the homestead provision in our Constitution. After so doing the court concluded:

". . . the manner and form in which the proposition was submitted to the electorate warrants the conclusion that, although the provision itself uses the word 'exempt,' *it was intended to create and more was created than a simple exemption statute.* The manner in which the homestead may be alienated is expressly stated, as are the circumstances against which the homestead right shall not prevail. *It has been the settled course of the decisions of this court to construe liberally the homestead provision and not to restrict it. The legislature lacks power to limit the provision,* . . ." (p. 366.) (Emphasis added.)

The foregoing purpose of the homestead exemption is entirely in keeping with the design of exemption laws to protect debtors against their own improvidence. On this point see, *Burke v. Finley,*

50 Kan. 424, 31 Pac. 1065, where it was held that a landlord as a judgment creditor could not garnishee the wages of a judgment debtor who had as a tenant waived his exemptions. The court there recognized that the legislature intended to create an exemption in the interest and for the benefit of the family of the debtor, and being created for the benefit of the debtor's family he could not waive it.

That the homestead is for the protection of the family was recognized in *Watson v. Watson,* 106 Kan. 693, 189 Pac. 949, the syllabus to which reads:

"The restrictions of the constitution and statutes touching the alienation of a homestead are for the protection of the family, and cannot be varied or avoided by an antenuptial contract providing that in case the wife survives the husband she is to have no part in his estate. Hence, so long as such surviving widow remains unmarried she may occupy the homestead regardless of such contract."

To the same effect is *In re Estate of Place,* 166 Kan. 528, 203 P. 2d 132.

On the facts in the case at bar the appellants owned and occupied the real property in question as their homestead with their family when the indemnity agreement was executed, and they continued to occupy these premises as their homestead at all times material to this litigation. Under these circumstances we hold the appellants' agreement to waive the benefit of the homestead exemption allowed them by the Constitution of Kansas, in the executory agreement here under consideration, is contrary to the public policy of this state and of no effect. (See, 22 Am. Jur., Exemptions, § 130, pp. 98, 99.)

It has been held that the homestead exemption clause of the Kansas Constitution is not in contravention of the United States Constitution on the ground that it impairs the obligation of the contract. The obligation of contract still exists, it being only the remedy that is affected by the homestead exemption clause. (*Cusic v. Douglas and others,* 3 Kan. 123.)

The indemnity agreement pursuant to which this action was brought is a long and complicated printed form prepared for the appellee by its attorneys. Following the waiver of homestead rights contained in paragraph nine, heretofore quoted, is a proviso authorizing any attorney at the request of the appellee to waive the issuing and service of process upon the appellants. As to this provision see, *McCrairy v. Ware,* 6 Kan. App. 155, 51 Pac. 293.

Prior to the entry of judgment herein the appellants filed their affidavits of bankruptcy and certificates as provided in G. S. 1949, 60-3601. The trial court in the journal entry of judgment found that the appellants had filed petitions in bankruptcy and had been adjudged bankrupts, and that the appellee was listed as a creditor by each of the appellants. Under these circumstances, and in view of our holding herein, the trial court erred in its failure to follow the mandate of this statute by ordering execution and sale of the appellants' homestead.

The appellants have not yet been granted their discharge in bankruptcy to take advantage of the provisions of G. S. 1949, 60-3602. Under this section of the statute the judgment rendered against the appellants would be deemed satisfied upon the filing of a certificate of discharge. The facts on which the judgment was obtained in the instant case were not sufficient to bring the appellee into a situation in which the homestead could be reached and sold; therefore, the provisions of 60-3601, *supra*, apply. This was the situation in *Dotson-Murray Fruit Co. v. Leibrand*, 143 Kan. 72, 53 P. 2d 487.

Here the judgment rendered was for an amount certain. It was not rendered for taxes, or for the payment of obligations contracted for the purchase of the homestead, or for the erection of improvements on the homestead, or by virtue of a lien given by joint consent of the husband and wife. It was an ordinary money judgment, and like any ordinary money judgment, it became a lien upon the real estate of the judgment debtors from the first day of the term at which the judgment was rendered. (G. S. 1949, 60-3126.) Upon compliance with 60-3601, *supra*, by the trial court in this case, the judgment would remain unsatisfied until such time as the appellants receive their discharge in bankruptcy. Thereafter, the judgment would be deemed to have been fully discharged and satisfied.

It follows that the order of the trial court declaring the appellee's judgment to be a lien on the appellants' homestead, the order of sale of the appellants' homestead to satisfy the judgment, and the order overruling the appellants' motion to set aside the order of sale were erroneous.

The judgment is reversed.