No. 43,963

STATE OF KANSAS, on the Relation of FREDERICK G. APT, JR., County Attorney for Allen County, Kansas, *Appellant*, v. ALICE MITCHELL a/k/a ALICE MITCHELL CLOUNCH, *Appellee*.

(399 P. 2d 556)

Opinion filed March 6, 1965.

*W. B. Kirkpatrick*, assistant attorney general, and *Thomas B. Root*, attorney for Director of Alcoholic Beverage Control, argued the cause, and *Frederick G. Apt, Jr.*, county attorney, was with them on the brief for the appellant.

*J. D. Conderman*, of Iola, argued the cause, and *Robert V. Talkington*, of Iola, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by the state against Alice Mitchell, also known as Alice Mitchell Clounch, hereinafter referred to as defendant, to abate a liquor nuisance under the provisions of K. S. A., chapter 41, articles 8 and 9.

It was stipulated defendant was the owner of the city property in question; that it was the homestead of the defendant and her husband; that the property was used for the illegal possession and sale of intoxicating liquor, and, as such, constituted a common nuisance; and that a permanent injunction might issue to enjoin the unlawful use of the property in the future.

Upon the issues joined and the stipulations of the parties, the trial court found the defendant guilty of illegal possession and sale of intoxicating liquor in violation of K. S. A. 41-901, and maintaining a common nuisance contrary to K. S. A. 41-805. The court then ordered that a permanent injunction issue against the defendant's property and home thereon, and assessed the costs of prosecution against defendant as provided by 41-806. The trial court further found the property to be the homestead of the defendant and her husband and that the provisions of 41-806, insofar as applicable to a padlock order of the house, had no application to the homestead of defendant and her husband and refused to issue an order padlocking the home under the provisions of 41-806 in that it would violate article 15, section 9, of our state constitution.

At the outset it may be stated defendant's husband was not made a party to this action.

It is the state's sole contention that under the provisions of 41-806 the trial court erred in failing to issue a padlock order against the home and in holding that 41-806 violates the defendant's homestead rights granted by article 15, section 9, of the Constitution of the State of Kansas, the pertinent part of which reads:

"A homestead to the extent of . . . one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, . . . but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: . . ."

The padlocking of a homestead for the violation of any law is not specifically mentioned or even implied in the exceptions above stated. Admittedly, padlocking of a homestead is not a forced sale, but this section is enlarged by the clause "and shall not be alienated without the joint consent of husband and wife." The word "alienated" as used in our constitution means a parting with or surrendering of some interest in the homestead. (*Vining v. Willis,* 40 Kan. 609, 613, 20 Pac. 232.)

Nearly one hundred years ago, in *Morris v. Ward,* 5 Kan. 239, 244, Justice Valentine, in speaking for this court, stated:

". . . It [the homestead] was not established for the benefit of the husband alone, but for the benefit of the family and of society—to protect the family from destitution, and society from the danger of her citizens becoming paupers.

"The other view of the homestead laws, and the one which we adopt, is that no incumbrance or lien or interest can ever attach to or affect the homestead, except the ones specifically mentioned in the constitution. . . . These are liens for taxes, for the purchase money, for improvements made on the homestead, and liens given by the 'joint consent of the husband and wife.' No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity; nothing that he alone can do or suffer to be done, can cast the slightest cloud upon the title to the homestead; it remains absolutely free from all liens and incumbrances except those mentioned in the constitution."

In keeping with this decision, this court later held in *Coughlin v. Coughlin,* 26 Kan. 116, that a husband could not, without the consent of his wife, execute a lease of a homestead, and give possession thereof to a tenant, although the title to the premises was in his own name, when the lease interfered with the possession and enjoyment of the premises by the wife as a homestead.

The constitutional provision defines a homestead as a residence occupied by the family of the owner. Clearly, by the very nature of this provision, the possession of the homestead is an acquired interest. Therefore, the state's act of padlocking the premises would not only deny the interest of both defendant and her husband but would also defeat the very purpose of the provision: to protect the family and society from the hardships which occur when a family loses its home. It cannot be said that the padlocking of a homestead is within a specified exception or is voluntarily permitted with the consent of both husband and wife.

The homestead provision of our constitution sets forth the exceptions and provides the method of waiving the homestead rights at-

tached to the residence. These exceptions are unqualified. They create no personal qualifications touching the moral character of the resident nor do they undertake to exclude the vicious, the criminal, or the immoral from the benefits so provided. The law provides for punishment of persons convicted of illegal acts, but the forfeiture of homestead rights guaranteed by our constitution is not a part of the punishment.

The parties have stipulated the property in question is the homestead of the defendant and her husband, and no useful purpose can be served by restating the law as set forth in our prior homestead decisions. It suffices to say that Kansas has zealously protected the family rights in homestead property by liberally construing the homestead provision in order to safeguard its humanitarian and soundly social and economic purposes; and nothing less than the free consent of the resident owner of the homestead, and joint consent of husband and wife where the relation exists, will suffice to alienate the homestead, except under the specified exceptions provided in the constitution. (*In re Estate of Dittemore*, 152 Kan. 574, 576, 106 P. 2d 1056; *Hawkins v. Social Welfare Board*, 148 Kan. 760, 763, 84 P. 2d 930.)

The test for determining whether a structure is a homestead is determined by its use or occupancy as a residence, and an incidental departure for business purposes does not deprive it of its homestead character under the homestead exemption law. (*Anderson v. Shannon*, 146 Kan. 704, 710, 73 P. 2d 5, 114 A. L. R. 200; *Bebb v. Crowe*, 39 Kan. 342, 346, 18 Pac. 223; *Rush v. Gordon*, 38 Kan. 535, 16 Pac. 700.)

The state urges we adopt the view taken by other jurisdictions relating to the homestead in cases involving liquor violations. We have read and considered these views and find they are distinguishable on the basis they were established either by statutory grant or by different constitutional provisions. This court has no power to engraft amendments to our state constitution (art. 14, §§ 1, 2), and upon the matter of homestead, not only is legislative aid dispensed with, but legislative interference is foreclosed, and no conditions may be imposed by statute upon the enjoyment of the homestead right. (*Cross v. Benson*, 68 Kan. 495, 502, 75 Pac. 558.) In *Towle v. Towle*, 81 Kan. 675, 680, 107 Pac. 228, this court, in analyzing the legislature's power with regard to homesteads, stated:

"The only limitation it [the constitution] places upon the legislature is that the legislature shall enact no law restricting the homestead right guaranteed by

the constitution. (*Chambers v. Cox,* 23 Kan. 393; *Cross v. Benson,* 68 Kan. 495 [75 Pac. 558].) As was said in the opinion in *Sumner County v. Wellington,* 66 Kan. 590, 593 [72 Pac. 216]: 'Our constitution limits, rather than confers, power, and hence we look to it to see what it prohibits, instead of what it authorizes.' (Citing cases.)"

(See, also, *Schumacher v. Rausch,* 190 Kan. 239, 244, 372 P. 2d 1005.)

The homestead provision specifically enumerates the only circumstances where a homestead claimant may be deprived of his status. Therefore, the trial court did not err in holding the padlocking provision of 41-806, insofar as it applies to a homestead, is in conflict with article 15, section 9, of the Constitution of the State of Kansas. The court's ruling does no injustice in the instant case inasmuch as the legislature has provided adequate remedies for punishment of defendant in the event she violates the injunction order issued or again violates the Kansas liquor control act.

The judgment of the trial court is affirmed.