No. 66,641

STATE OF KANSAS, ex rel. GLENN R. BRAUN, ELLIS COUNTY AT-
TORNEY, *Appellee*, v. A TRACT OF LAND IN THE NORTHWEST
QUARTER OF SECTION FOUR, TOWNSHIP ELEVEN SOUTH, RANGE
NINETEEN WEST OF THE 6TH P.M., ELLIS COUNTY, KANSAS,
COMMONLY KNOWN AS 918 NORTH COUNTY LINE ROAD, ELLIS
COUNTY, KANSAS. CLARENCE GILBERT, *Appellant*.

(840 P.2d 453)

Opinion filed October 30, 1992.

*Richard D. Coffelt*, of Hays, argued the cause and was on the brief for appellant.

*Glenn R. Braun*, county attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

*Kyle G. Smith*, assistant attorney general, argued the cause and was on the brief for *amicus curiae* Kansas Bureau of Investigation.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a civil action involving the forfeiture of real property pursuant to K.S.A. 1991 Supp. 65-4135(a)(7)(A), a provision of the Uniform Controlled Substances Act. Clarence Gilbert, the property owner, entered a plea of no contest to one count of conspiracy to possess marijuana with intent to sell. The district court entered judgment subjecting Gilbert's real property to forfeiture. Gilbert appealed the forfeiture judgment on the ground that the property is his homestead and is protected from forfeiture by the Kansas Bill of Rights, § 12 and Article 15, § 9 of the Kansas Constitution. The Court of Appeals reversed. *State ex rel. Braun v. A Tract of Land*, 16 Kan. App. 2d 757, 829 P.2d 600 (1992). We granted the State's petition for review.

The State prefaces its argument with a reminder to this court that statutes enjoy a presumption of constitutionality. The State's argument centers on that portion of K.S.A. 1991 Supp. 65-4135(a)(7)(A) which provides that the claimant of a homestead who has been convicted of a violation of the uniform controlled substances act is "presumed to have *consented* to the forfeiture of the homestead by commission of the violation." (Emphasis added.) The State, as appellee, argues that the constitutional exemption for the homestead did not protect Gilbert because, pursuant to K.S.A. 1991 Supp. 65-4135(a)(7)(A), he had consented to forfeiture of his homestead by commission of the drug law violation.

Gilbert's argument is somewhat general in nature. He basically argues that the homestead exemption is a constitutional right not subject to intrusion by legislative action. He argues that the legislature lacks the authority or power to limit the homestead exemption. He argues that K.S.A. 1991 Supp. 65-4135(a)(7)(A) is

an attempt by the legislature to limit the homestead exemption granted to him by Article 15, § 9 of the Kansas Constitution.

The Court of Appeals concluded that K.S.A. 1991 Supp. 65-4135(a)(7)(A) is unconstitutional because a forfeiture is a forced sale which is not specifically authorized by Article 15, § 9 of the Kansas Constitution. In reversing the district court, the Court of Appeals relied on our decision in *State, ex rel., v. Mitchell*, 194 Kan. 463, 399 P.2d 556 (1965). In *Mitchell*, this court held that a provision of the intoxicating liquor law, K.S.A. 41-806, "insofar as it applies to the padlocking of a homestead, is in conflict with Article 15, section 9 [the homestead exemption], of our state constitution." 194 Kan. 463, Syl. ¶ 8. The State distinguishes *Mitchell* from the present case because K.S.A. 41-806 does not statutorily create consent.

The State is correct that the liquor law which Mitchell had violated contained no consent provision. In this respect it differs from 65-4135(a)(7)(A). In *Mitchell*, we stated that "the legislature has provided adequate remedies for punishment of [Mitchell] in the event she violates the injunction order issued or again violates the Kansas liquor control act." 194 Kan. at 467. These "adequate remedies" did not include consensual forfeiture of the homestead.

The Court of Appeals correctly held the forfeiture of Gilbert's real property, pursuant to K.S.A. 1991 Supp. 65-4135(a)(7)(A), was a forced sale in violation of Article 15, § 9 of the state constitution. Article 15, § 9 specifically provides for three exceptions to the homestead exemption. Forfeiture is not one of them. The State's argument that Gilbert consented to the forfeiture of his homestead by committing the drug law violation is without merit. In *Mitchell*, we said:

"It suffices to say that Kansas has zealously protected the family rights in homestead property by liberally construing the homestead provision in order to safeguard its humanitarian and soundly social and economic purposes; *and nothing less than the free consent of the resident owner of the homestead*, and joint consent of husband and wife where the relation exists, will suffice to alienate the homestead, except under the specified exceptions provided in the constitution." (Emphasis added.) 194 Kan. at 466.

The legislature's attempt to create a statutory waiver or consent is a fiction, at best, and does not constitute a waiver of the

homestead exemption or a "free consent" to alienation of a homestead.

We have carefully reviewed the record and briefs of the parties and *amicus curiae* and adopt the opinion of the Court of Appeals.

The judgment of the Court of Appeals is affirmed. The judgment of the district court is reversed.