**Ervin E. GRANT, Trustee, Appellant,**

v.

**Donald E. MOSSMAN and James W. Mossman d/b/a Mossman Brothers, Bankrupts, Appellees.**

**No. 9454.**

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1967.

Wilbur D. Geeding, Wichita, Kan., for appellant.

Jerome E. Jones, Wichita, Kan. (A. W. Hershberger and Richard Jones, Wichita, Kan., on the brief), for appellees.

Before MURRAH, Chief Judge, and JONES * and HILL, Circuit Judges.

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

HILL, Circuit Judge.

Voluntary petitions in bankruptcy were filed May 16, 1963, by Donald E. Mossman and James W. Mossman, in their own names and as Mossman Brothers, a partnership, in the bankruptcy court in Wichita, Kansas. They were duly adjudged bankrupts. This appeal results from the bankrupts' objection to the trustee's determination of exempt property.

The bankrupts are brothers and operated as partners in farming various tracts of land in the vicinity of El Dorado, Kansas. Prior to October, 1955, farming operations were carried out by the bankrupts, a third brother, Harry Keith Mossman, and the father, H. B. Mossman. Part of the land upon which the farming occurred was a quarter section owned by the father. In 1955 Harry Keith Mossman left the partnership and took up other employment. In January of 1956 the father died. Each of the three sons received an undivided one-third interest in the quarter section mentioned above by testate succession.[1] The bankrupts continued a farming partnership including operations on the quarter section, making arrangements with the third brother for the use of his one-third interest by agreeing to make payments on his share of the mortgage and tax payments on the land. Appellants claim in their exemption schedule their one-third interest, respectively, in the quarter section as an exemption under the Kansas homestead exemption. This exemption was refused them by the trustee and the Referee also denied the exemption. It was the Referee's conclusion that the land was partnership property and thus outside the Kansas homestead exemption.

This decision was appealed to the District Court. The District Court referred the matter back to the Referee for further findings of fact concerning the attachment of homestead rights.[2] This referral was based on the District Court's reasoning that if the land was inherited by the brothers, a homestead right attached and, if so, the consent of the wives was required before the property could become partnership property.

On remand the Referee made four additional findings of fact concerning the character of the land in question.[3] Al-

---

1. Three separate small portions were carved from this quarter section and were held individually by each of the three brothers and used for residences. These small portions were included by each of the bankrupts as exempt property and this exemption was granted by the trustee.

2. The specific questions, referred to the Referee, were:

   "(1) Whether the homestead rights inuring to the benefit of the families of the bankrupt attached to the land on inheritance from the father;

   "(2) If so, whether these homestead rights have been released by joint consent by bankrupts and their wives;

   "(3) If not, then the homestead exemption should have been declared as to the land in question in accordance with this Court's Memorandum of November 20, 1964."

3. "Additional Finding No. 5. The subject real property passed in equal undivided shares to the two bankrupts and their brother, Harry Keith Mossman, by testamentary devise from their father who died a resident of Butler County, Kansas, on January 29, 1956. His will was duly admitted to probate and his estate administered by the Probate Court of Butler County, Kansas, wherein a final settlement decree was entered on February 24, 1959, judicially assigning an undivided one-third interest in the property to each of the three sons—the two bankrupts and Harry Keith Mossman—in their respective individual capacities. No administration of the partnership which was terminated by the death of the father was had in the Butler County probate court.

   "Additional Finding No. 6. On October 17, 1955, Harry Keith Mossman withdrew from a then existing general farming partnership consisting of himself, the two bankrupts and their father. Following the father's death in January of 1956, the two bankrupts by mutual agreement formed a new partnership between themselves and each devoted his undivided one-third interest in the commonly owned property to the partnership for use in the business of farming, including poultry and dairy operations.

though the Referee did not expressly state that the land acquired the status of a homestead his conclusions of law were that the bankrupts were estopped from claiming a homestead exemption in their own right to the undivided interest and that the spouses of the bankrupts or other members of their family were not precluded from making a timely assertion herein of homestead rights to the undivided land interest.

On appeal to the District Court the Referee's decision was reversed on the basis that under Kansas law there could be no estoppel of the homestead exemption and that "The statute requires a consent to alienation, and an alienation, with the opportunity to object after the fact, is not an equivalent. The referee's holding avoids both the letter and the protective and solicitous spirit of the Kansas homestead exemption laws." The District Court further stated that in any event the bankrupts' actions were not such as to give rise to estoppel.

It appears to us that the District Court made a correct analysis of the legal problems presented in this case. It is undisputed that the land in question was owned individually by the father prior to his death and passed by inheritance to the brothers. This inheritance is operative as of the time of the father's death so that at that time the ownership of the land was by the bankrupts personally and not as partnership land. There are three elements required for creation of a homestead in property, i.e., (1) occupation of the property under a present possessory interest, (2) as a resident, and (3) with his family.[4] According to the District Court's opinion the trustee conceded that all necessary elements for a valid homestead exemption are present except that of ownership. We believe that element was established by the inheritance of the property by the bankrupts. The fact that the ownership was by co-tenancy does not deny the co-tenants the right to claim a homestead in the

---

Thereafter, without interruption, the two bankrupts' undivided interests were actually used and treated by them as an asset of their partnership which entity, under the style of 'Mossman Brothers,' is a party to the voluntary petition by which these proceedings were initiated. The two bankrupts by oral contract with their brother, Harry Keith Mossman, acquired from him for their partnership, the right to use his undivided one-third interest in the land in consideration for bankrupts' agreement, as partners, to pay all mortgage installments, insurance and maintain its cost attributable to Harry Keith Mossman's one-third interest. These payments were, in fact, made by the partnership from partnership funds until bankruptcy intervened. Harry Keith Mossman took no part in the management or operation of the partnership; neither did he share or agree to share in its profits or losses. His occupation since his withdrawal from the earlier partnership with his brothers and father in October of 1955 has been as an employee of the United States Post Office in El Dorado, Kansas.

"Additional Finding No. 7. Throughout the operation of the partnership, the bankrupts used their undivided interest in the land, along with the use rights acquired from Harry Keith Mossman, exclusively in the conduct of their part-

nership business of general farming, dairy and poultry operations. At no time since their father's death has the land been used as an actual residence of any of the three brothers or for any purpose other than the partnership. In their income tax returns, both state and federal, for the calendar years 1956 through 1962, bankrupts reported their farming operations on the subject land as a partnership undertaking with the profits divided between the two in equal shares. Gross income from thier operations was deposited in a partnership account and disbursements of the business expenses were made therefrom. The wives of the bankrupts were not members of the partnership.

"Additional Finding No. 8. Neither the respective spouses nor other members of the bankrupts' family are parties to these bankruptcy proceedings and no appearance by them in any capacity has been made herein."

4. The Constitution of the State of Kansas, Article XV, § 9, provides "Homestead exemption. A homestead to the extent of one hundred and sixty acres of farming land * * * shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; * * *."

property. Cole v. Coons, 162 Kan. 624, 178 P.2d 997; Banner v. Welch, 115 Kan. 868, 225 P. 98. Therefore, the land obtained the status of a homestead. Subsequent to this time the partnership between the bankrupts was formed and the farming operations were performed on the land as a partnership. The Referee's findings were that because of these actions the land became partnership property. It is clear, however, that there could be no constructive transfer from the bankrupts as individuals to the partnership without the consent of the wives. See State ex rel. Apt v. Mitchell, 194 Kan. 463, 399 P.2d 556. There is no finding that the wives consented. The Referee found, moreover, that the wives of the bankrupts were not members of the partnership. If the land obtained a homestead character the sole question that remains is whether the bankrupts may be estopped from claiming such exemption. The clear intent of the Kansas cases and Constitutional exemption is that the actions of one spouse shall not remove the homestead character from the land in question. Howell, Jewett & Co. v. McCrie, 36 Kan. 636, 14 P. 257; West v. Grove, 139 Kan. 361, 31 P.2d 10; State ex rel. Apt v. Mitchell, 194 Kan. 463, 399 P.2d 556. To hold the bankrupts estopped would be counter to the spirit of the above mentioned Kansas cases.

Appellant's arguments on appeal are mistakenly based on the premise that the land was a partnership asset. But as discussed above, the land never obtained partnership property status since there was never a joint consent for the transfer of the property. Therefore, the majority of the arguments put forth by appellant are meaningless. The only arguments appellant directs to the central issue of whether the homestead exemption attached are first, that the property should be considered as personalty and not realty and that thus the homestead exemption may not attach. A fiction exists in partnership law that for distribu-

tion purposes realty will be considered as personalty. 40 Am.Jur., Partnership, § 92. It is clear that this fiction has no application to the instant case, since as discussed above, the land never attained the character of a partnership property. Appellant's second argument is that the land was at all times partnership property, i.e., including the time before the father's death, and that by continuing the partnership the land retained the character of partnership property throughout and that at no time was it free for a homestead character to attach. This argument, however, does not fit the facts established by the Referee. The findings were clear that the land was held by the father individually and not as partnership property and that it passed to the brothers by inheritance and not as a settlement of the partnership estate. There is no indication that the father devoted to the partnership more than the use of the property. In no respect could it be assumed that the land as held by the father was part of the partnership property.

Appellant cites the case of In re N. C. Carroll & Sons Gravel Co., D.Kan., 95 F.Supp. 591, as support for denying bankrupts their claimed homestead exemption. In that case an attempt was made to claim an exemption in property which was found by the court to be partnership property. A fundamental difference exists between Carroll and the instant case, that being the property in Carroll was found to have the character of partnership property before it became qualified for a homestead status. The land in question there had been purchased with partnership funds and thus was partnership property from its very purchase. The Carroll case is simply not precedent for denying the bankrupts' exemptions in the instant case.

The District Court was correct in holding that the exemption should have been allowed and the case is affirmed.