(819 P.2d 1250)
No. 66,209

CITY OF GARDEN CITY, KANSAS, *Appellant,* v. LOT NINE, BLOCK THREE, Meeker Subdivision to the City of Garden City, Finney County, Kansas, *Appellee.*

Opinion filed November 1, 1991.

*Randall D. Grisell,* city counselor, for appellant.

*E. Edward Brown,* of Calihan, Brown, Burgardt & Wurst, of Garden City, for appellee.

Before BRAZIL, P.J., GERNON, J., and GARY L. NAFZIGER, District Judge, assigned.

BRAZIL, J.: In a forfeiture case arising from a drug sale conviction, the City of Garden City appeals the court's order denying its petition for forfeiture of a residence owned by Pasquale M. Mesa. Kan. Const. art. 15, § 9; K.S.A. 1990 Supp. 65-4135. We affirm.

The parties submitted the case to the trial court upon stipulated facts, which we will briefly summarize.

Mesa, his wife Ellen, and their minor daughter resided on the property that is the subject of this forfeiture action and have designated it as their homestead. Mesa was convicted of sale of cocaine from the garage attached to their residence. Ellen was aware that Mesa possessed controlled substances at their residence prior to Mesa's arrest and conviction, but she did not approve of the drugs and had threatened to leave because of Mesa's usage.

The City sought forfeiture of the Mesas' residence pursuant to K.S.A. 1990 Supp. 65-4135(a)(7)(A). The court noted that the statute authorizes forfeiture of a homestead interest if the holder of such interest is convicted of certain specified felonies. The court ruled that Ellen is not a "convicted person" within the meaning of the forfeiture statute, and thus, the statute is inapplicable to her. The court held that, under the Kansas Constitution article 15, § 9, Ellen's homestead rights, barring a constitutionally enumerated exception, cannot be alienated without the joint consent of her and her husband. The court found no joint consent in this case and, consequently, denied the City's petition.

The City contends Mesa's felony conviction subjects to forfeiture the homestead rights of all other claimants of that homestead who possess actual knowledge of the illegal use of the homestead. Mesa contends the statute expressly requires a felony conviction of all those entitled to claim the homestead exemption (Ellen and their minor daughter) and that such a conviction is a required precedent in an action to forfeit a homestead under K.S.A. 1990 Supp. 65-4135(a)(7)(A).

K.S.A. 1990 Supp. 65-4135 reads in pertinent part:

"(a) The following are subject to forfeiture:

. . . .

"(7) all real property, including any building or structure thereon, which is used or intended for use in violation of this act, if such violation constitutes a felony, except:

(A) A homestead shall not be subject to forfeiture under this section unless the claimant of the homestead has been *convicted* of a violation of the uniform controlled substances act, K.S.A. 65-4101 *et seq.*, and amendments thereto, or a comparable federal law violation, if such violation constitutes a felony, which involves the unlawful manufacturing, compounding, selling, offering for sale, possessing with intent to sell, processing, importing or

exporting of a controlled substance, or has been convicted of conspiracy or attempt to commit such a violation. The homestead shall be subject to forfeiture under this section if the forfeiture proceedings and the conviction arise from the same violation, act, conduct or transaction and, in that event, the *claimant so convicted shall be presumed to have consented to the forfeiture of the homestead by commission of the violation."* (Emphasis added.)

The statute clearly provides for forfeiture of a homestead only where the claimant of the homestead has been convicted of a violation of the controlled substance act.

The City's contention, that because Ellen Mesa had knowledge that her homestead was being used for illegal purposes she therefore consented to the forfeiture of her homestead, is untenable in light of the statute. The district court specifically found Ellen's knowledge of her husband's drug use does not rise to the level of a conviction. The court also found that the Kansas Constitution prescribes that homesteads are exempt from forced sale under any process of law and shall not be alienated without the joint consent of husband and wife, when that relationship exists. The court found no such joint consent, thus barring the application of the statute.

The City contends the court erred in its interpretation of article 15, § 9 of the Kansas Constitution. The City states that the "joint consent" language of the Constitution applies only to alienations and therefore is inapplicable to forfeiture proceedings. That contention is at odds with *State, ex rel., v. Mitchell,* 194 Kan. 463, 399 P.2d 556 (1965). *Mitchell* concerned an action brought by the State to abate a liquor nuisance pursuant to K.S.A. 41-901 and K.S.A. 41-805. The State sought to enforce provisions of K.S.A. 41-806, which allowed that illegally operating taverns be padlocked. The district court found the "tavern" to constitute the homestead of the defendant and her husband and refused to issue an order padlocking the home. The court held such an order would violate article 15, § 9 of the Kansas Constitution. The Supreme Court reviewed the constitutional provision at issue, the exact provision at issue in the present case. That section reads in part:

"A homestead to the extent of . . . one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without

the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligation contracted for the purchase of said premises, or for the erection of improvements thereon." Kan. Const. art. 15, § 9.

*Mitchell* then held the word " 'alienated' as used in our constitution means a parting with or surrendering of some interest in the homestead." 194 Kan. at 465. The court then stated:

" '[N]o incumbrance or lien or interest can ever attach to or affect the homestead, except the ones specifically mentioned in the constitution. . . . No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity; nothing that he alone can do or suffer to be done, can cast the slightest cloud upon the title to the homestead.' " 194 Kan. at 465 (quoting *Morris v. Ward*, 5 Kan. 239, 244 [1869]).

The court upheld the district court's ruling, concluding that "nothing less than the free consent of the resident owner of the homestead, and joint consent of husband and wife . . . , will suffice to alienate the homestead, except under the specified exceptions provided in the constitution." 194 Kan. at 466.

In the present case, the court appropriately denied the City's petition. The statute clearly speaks in terms of homestead forfeiture only where the claimant of the homestead is convicted. Ellen has been convicted of nothing in regard to this case. The statute expressly states one's consent to forfeiture of the homestead is presumed upon conviction. Mesa's consent is thus presumed. Ellen's is not. The court appropriately construed the forfeiture statute in light of the joint consent requirement found in the Kansas Constitution article 15, § 9.

The City also contends that, if this court deems joint consent necessary as a precondition for forfeiture of the entire homestead interest, the City is at least entitled to forfeiture of Mesa's homestead interest. The City contends such partial forfeiture of a homestead is a recognized constitutional remedy.

The City cites *Hawkins v. Social Welfare Board*, 148 Kan. 760, 84 P.2d 930 (1938), in support of its position. In *Hawkins,* the court ruled that a lien held by the state on real property was constitutional. *Hawkins* concerned the 1937 social welfare act and its old-age assistance programs. The lien was statutorily prescribed and was inoperative and not enforceable during the lifetime of

the husband or wife while the property at issue was occupied as a homestead. 148 Kan. at 763. The court also noted that, by voluntarily participating in the social welfare act's old-age assistance program, the holder of the homestead interest had consented to such a lien by entering into a contract between herself and the government. She was thus bound by the terms of the statute.

Two salient factors distinguish *Hawkins* from the present case. First, the lien in *Hawkins* was clearly expressed in the statute. Section 17 of the social welfare act stated:

" 'The state of Kansas shall have a lien upon any real property which the recipient of any old-age assistance under this act may be the owner of or come in possession of after the granting of any assistance . . . . The lien created against the real estate of the recipient shall not be enforced against the same during his lifetime or while any real estate is being occupied as a home by the surviving spouse.' " 148 Kan. at 762 (quoting L. 1937, ch. 327, § 17).

In the present case, K.S.A. 1990 Supp. 65-4135 has no lien provision whatever.

The second distinguishing factor is that, in *Hawkins*, the claimant of the homestead interest, Nellie Hawkins, was a widow who voluntarily applied for old-age assistance. The court found her application constituted consent to the terms of the statute and consequently the homestead lien provision. *Hawkins* did not turn on the joint consent provisions of article 15, § 9, which are at the center of the present case.

In the instant case, only Mesa has been convicted and, thus, only he has statutorily consented to forfeiture. In *State, ex rel., v. Mitchell*, 194 Kan. 463, the Supreme Court repeated long-held views regarding homestead rights. The court held that, except for express constitutional exceptions, no lien or interest can attach to the homestead absent joint consent of the husband and wife. The court noted further that the homestead exemption is not concerned with

"the moral character of the resident nor [does it] undertake to exclude the vicious, the criminal, or the immoral from the benefits so provided. The law provides for punishment of persons convicted of illegal acts, but the forfeiture of homestead rights guaranteed by our constitution is not a part of the punishment." 194 Kan. at 466.

Under Kansas law, a lien may not encumber the homestead interest unless jointly consented to by husband and wife, where that relationship exists. In the present case, only Mesa, by his conviction, is presumed to have consented to forfeiture. Further, K.S.A. 1990 Supp. 65-4135 has no lien provision. The court's denial of the City's forfeiture petition should be affirmed.

Like the trial court, we too find it unnecessary to reach Mesa's challenge to the constitutionality of K.S.A. 1990 Supp. 65-4135(a)(7)(A).

Affirmed.