111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Momoji NISHIBUN; Richard Dawley, Plaintiffs-Appellants,
v.
PREPRESS SOLUTIONS INC.; Varityper Inc., Defendants-Appellees.
 No. 95-56406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 8, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A violation of Cal.Civ.Code § 3439.04(a) involves an actual intent to "hinder, delay or defraud" and thus constitutes actual fraud. Lyons v. Security Pac. Nat'l Bank, 48 Cal.Rptr.2d 174, 184 (Cal.Ct.App.1995). A complaint alleging a violation of subsection (a) must therefore comply with Fed.R.Civ.P. 9(b)'s particularity requirements. See Fed.R.Civ.P. 9(b).
 
 
 3
 Plaintiffs argue, however, that because Cal.Civ.Code § 3439.04 allows recovery for fraudulent transfers in the absence of a specific intent to defraud, the particularity requirement of Rule 9(b) does not apply to their fraudulent conveyance action.
 
 
 4
 Plaintiffs' complaint alleges that the transfer was made "for the purpose of avoiding creditors"; "with the specific intention to transfer assets ... without receiving reasonably equivalent value for the purpose of preserving assets and income of the business while depriving creditors of their rights"; "for the specific purpose of depriving creditors, including plaintiffs, of payments lawfully due them"; and "with intent to hinder, delay or defraud creditors." Second Amended Complaint (emphasis added). The gravamen of this complaint is plainly actual fraud under § 3439.04(a), and the plaintiffs' efforts to argue that they were claiming constructive fraud under § 3439.04(b) is unconvincing. See In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 n. 2 (9th Cir.1996), cert. denied, 117 S.Ct. 1105 (1997). The complaint must therefore comply with the specificity requirements of Rule 9(b).
 
 
 5
 Plaintiffs' second amended complaint fails to allege what assets were transferred, how the assets were transferred, what the value of the assets was, what consideration was given for the assets, and why that consideration was insufficient. The complaint fails to identify any details of the conveyance by which the assets were transferred and why this transfer was allegedly fraudulent. The second amended complaint does not list "particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir.1994). The complaint simply sets forth neutral facts necessary to identify the transaction. This is insufficient to meet the particularity requirement of Rule 9(b). See id. at 1548. The district court's dismissal of the second amended complaint was therefore proper.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3