**JERSEY REALTY AND INVESTMENT CO., Plaintiff,**

v.

**EMCO MANUFACTURING COMPANY, INC., et al., Defendant.**

**Civ.A. No. 98–2542–KHV.**

United States District Court, D. Kansas, Kansas City Division.

May 27, 1999.

*MEMORANDUM AND ORDER*

VRATIL, Judge.

Jersey Realty and Investment Company ["Jersey"] brings this action against EMCO

Manufacturing Company, Inc. ["EMCO"], Modernfold, Inc. ["Modernfold"], and Modernfold Holdings, Inc. ["Modernfold Holdings"], alleging breach of a lease contract and fraudulent conveyance of assets. This matter comes before the Court on defendants EMCO and Modernfold's *Motion To Dismiss Pursuant [To] Rule 9(b)* (Doc. # 28) filed April 7, 1999, and defendant Modernfold Holdings' *Motion To Dismiss Pursuant [To] Rule 9(b)* (Doc. # 34) filed April 15, 1999. Defendants ask the Court to dismiss plaintiff's fraudulent conveyance claim (Count III of plaintiff's First Amended Complaint) on the ground that plaintiff has failed to plead fraud with the requisite specificity under Rule 9(b), Fed.R.Civ.P. For reasons stated more fully below, the Court finds that defendants' motions should be overruled.

### Requirements For Pleading Fraud

■ Federal Rule of Civil Procedure 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Following the "straightforward language" of Rule 9(b), the Tenth Circuit has held that "Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997) (citing *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir.1986)).

■ Simply stated, Rule 9(b) requires plaintiff to set forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz*, 124 F.3d at 1252 (citations omitted). *See also Nal II, Ltd. v. Tonkin*, 705 F.Supp. 522, 525–26 (D.Kan.1989) (Rule 9(b) requires plaintiff to set forth "who, what, where, and when" of alleged fraud); *Smith v. MCI Tele-*

*comms. Corp.*, 678 F.Supp. 823, 825 (D.Kan. 1987) (fraud claim must describe time, place and content of false representation; identity of person making representation; and what was obtained or given thereby). The Court must read the requirements of Rule 9(b) in conjunction with Rule 8, which calls for pleadings to be "simple, concise, and direct, ... and to be construed as to do substantial justice." *See Schwartz*, 124 F.3d at 1252; *see also Seattle-First*, 800 F.2d at 1011; *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir.1989) (Rule 9(b) must be read in harmony with simplified notice pleading provisions of Rule 8).

The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based ..." *Schwartz*, 124 F.3d at 1252 (citing *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir.1992); *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990)). *See also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, 29 F.Supp.2d 1253, 1258 (D.Kan.1998); *N.L. Indus., Inc. v. Gulf & Western Indus., Inc.*, 650 F.Supp. 1115, 1129–30 (D.Kan.1986) (purpose of Rule 9(b) to enable defending party to prepare effective response to charges of fraud and to protect defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill).

### · Analysis

■ Defendants argue that plaintiff's "bare bones allegations" merely restate the general elements which plaintiff must prove to establish fraudulent conveyance and do not allege any facts in support of the claim. The elements for a fraudulent conveyance claim in Kansas are that (1) the grantor intended to hinder, delay, or defraud his or her creditors, and (2) the grantee participated in or had constructive or actual knowledge of the fraudulent scheme. *See* K.S.A. § 33–102;[1] *Snodgrass v. Baumgart*, 25 Kan.

---

1. K.S.A. § 33–102 provides:

Transfers to delay or defraud creditors or purchasers. Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or exe-

cution, made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons who shall purchase such lands, tenements, hereditaments,

App.2d 812, 818, 974 P.2d 604, 609 (1999) (citing *Arkansas City v. Anderson,* 15 Kan. App.2d 174, 180, 804 P.2d 1026, 1031–32, *rev. denied,* 248 Kan. 994 (1991)). *Cf. Golconda Screw, Inc. v. West Bottoms Ltd.,* 20 Kan. App.2d 1002, 1008, 894 P.2d 260, 266 (1995) (to prevail in action to set aside fraudulent conveyance pursuant to K.S.A. § 33–102, plaintiff must prove conveyance was made with intent to hinder, delay, or defraud creditors or to defraud or deceive grantee.)

Defendants complain that plaintiff's allegations do not meet the requirements of Rule 9(b), in that they do not inform defendants who in particular fraudulently transferred assets, where such transfer took place, when it took place, and the nature of the "assets" defendants allegedly transferred. Defendants contend that these inadequacies present them with an "insurmountable hurdle in responding" to plaintiff's fraudulent conveyance claim.

In the First Amended Complaint plaintiff alleges as follows:

9. EMCO agreed that the rental payments were to commence May 1, 1996 and continue through the term of the Lease, ... ending April 30, 2001.

10. Based upon plaintiff's information and knowledge, Modernfold Holdings purchased all of EMCO's stock by execution of the Stock Purchase Agreement dated May 31, 1996 and the Amended and Restated Stock Agreement dated August 31, 1996....

11. Based upon plaintiff's information and knowledge, the commercial lease at issue, and obligations thereunder, between plaintiff and EMCO were known to Modernfold Holdings at the time of the Stock Purchase Agreement.

 * * * * * *

50. EMCO continued to make rental payments to plaintiff through May 1997, in accordance with the terms of the Lease, following execution of the Stock Purchase Agreement.

51. Upon information and belief, commencing in or about June 1997 and continuing through or about February 1998, rents, goods or chattels, shall be deemed utter-

Modernfold, at the direction and with the knowledge and consent of Modernfold Holdings, took possession of the premises or otherwise operated the business of EMCO and made the rental payments to plaintiff....

52. Upon information and belief, Modernfold Holdings transferred or otherwise diverted the assets of EMCO to Modernfold or itself without paying EMCO the reasonably equivalent value in exchange for such transfers or divestiture of assets, leaving EMCO without sufficient assets to fulfill its obligations to plaintiff under the terms of the Lease.

53. Upon information and belief, Modernfold Holdings transferred EMCO's assets with the intent to hinder, delay, or defraud plaintiff in the enforcement of the terms of the Lease.

*First Amended Complaint For Breach of Lease, Fraudulent Transfer, Declaratory Judgment And Damages* (Doc. # 26) filed March 17, 1999, at 2–3, 9–10.

Because the courts apparently have not addressed the application of Rule 9(b) to fraudulent conveyance claims under Kansas law, defendants cite authority from other jurisdictions. In *Nishibun v. Prepress Solutions, Inc.,* 111 F.3d 138, 1997 WL 168346 (Table; text available in Westlaw at 1997 WL 168346) (9th Cir.1997), defendant sought dismissal of plaintiff's fraudulent conveyance claim pursuant to Rule 9(b). The court rejected plaintiffs' argument that Rule 9(b) does not apply to a fraudulent conveyance claim, and concluded that plaintiffs' complaint failed to meet the requirements of Rule 9(b):

Plaintiffs' second amended complaint fails to allege what assets were transferred, how the assets were transferred, what the value of the assets was, what consideration was given for the assets, and why that consideration was insufficient. The complaint fails to identify any details of the conveyance by which the assets were transferred and why this transfer was allegedly fraudulent. The second amended complaint does not list "particularized alle-

ly void and of no effect.

gations of the circumstances constituting fraud." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994). The complaint simply sets forth neutral facts necessary to identify the transaction. This is insufficient to meet the particularity requirement of Rule 9(b).

1997 WL 168346 at *1. Likewise, in *Atlanta Shipping Corp. v. Chemical Bank*, 631 F.Supp. 335 (S.D.N.Y.1986), *aff'd*, 818 F.2d 240 (2d Cir.1987), defendant moved to dismiss plaintiff's fraudulent conveyance claim for failure to plead the action with the requisite specificity. The court held:

> Mere conclusory allegations that the defendants' conduct was fraudulent are not enough. *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir.1982). Instead, the complaint must allege with some specificity the acts or statements constituting the fraud. *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). In recognition of these policies, courts generally dismiss allegations of fraud based on information and belief. *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir.1972). However, a fraud pleading that concerns matters peculiarly within the adverse party's knowledge, will satisfy the 9(b) requirements if accompanied by a statement of facts upon which the belief is founded. *Id.* at 608; ....

*Id.* at 348 (some citations omitted). Noting that plaintiff had "wholly disregarded these settled rules of pleading" and instead pleaded the entire amended complaint on "information and belief," without stating the facts upon which the belief was founded, the court dismissed the fraudulent conveyance claims with leave to replead within 30 days. *Id.* *See also Gindi v. Silvershein*, Nos. 93 Civ. 8679, 8680, 1995 WL 347397 (S.D.N.Y. June 8, 1995) (dismissing fraudulent conveyance claim with leave to replead, where complaint failed to specify transactions claimed to be fraudulent or when they occurred, and failed to detail transferee's role therein).

Plaintiff argues that the First Amended Complaint, read in its entirety, meets the requirements of Rule 9(b) by averring with particularity the facts and circumstances supporting its claim that defendants fraudulently conveyed EMCO's assets in order to hinder and delay creditors. Specifically, plaintiff notes its allegations that Modernfold Holdings acquired 100% of EMCO's stock with knowledge of EMCO's lease obligations; that defendants continued to operate EMCO after the acquisition, and gave control of EMCO to Modernfold, the wholly-owned subsidiary of Modernfold Holdings; that Modernfold paid EMCO's lease payments; that Modernfold employees communicated with plaintiff; and that defendants transferred EMCO's assets with the intent to avoid EMCO's obligations under the lease.

Plaintiff contends that these allegations support the conclusion that Modernfold or Modernfold Holdings converted or disposed of EMCO's assets with the knowledge that such action would hinder and delay plaintiff's efforts to enforce the lease. Plaintiff further contends that any other facts relevant to its fraudulent conveyance claim are within defendants' knowledge and control and that plaintiff is therefore unable to allege such facts prior to discovery. Accordingly, plaintiff argues that the allegations contained in the First Amended Complaint are sufficient to enable defendants to prepare an effective response to plaintiff's fraudulent conveyance claim and are therefore sufficient under Rule 9(b).

The Court rejects defendants' argument that the First Amended Complaint does not reveal the who, what or when of the alleged fraudulent conveyance. The First Amended Complaint alleges that from June 1997 through February 1998 Modernfold, at the direction and with the knowledge and consent of Modernfold Holdings, took possession of the leased premises or otherwise operated EMCO's business and made the rental payments to plaintiff; that Modernfold Holdings purchased all of EMCO's stock by execution of the Stock Purchase Agreement dated May 31, 1996 and the Amended and Restated Stock Agreement dated August 31, 1996; that Modernfold Holdings transferred EMCO's assets to Modernfold or itself without paying EMCO the reasonably equivalent value for such assets; that the transfer left EMCO without sufficient assets to fulfill its

obligations to plaintiff under the terms of the Lease, which by its terms ends April 30, 2001; that Modernfold Holdings knew of EMCO's lease obligations to plaintiff at the time of the Stock Purchase Agreement; that EMCO failed to notify plaintiff of an assignment or sublease of the leased property to Modernfold Holdings or Modernfold; and that Modernfold Holdings' intent in transferring EMCO's assets was to hinder, delay, or defraud plaintiff in the enforcement of the terms of the Lease against EMCO. *See First Amended Complaint* at 2–3, 9–10.

The First Amended Complaint clearly sets forth more than neutral facts necessary to identify the transaction and thus enable defendants properly to respond. It alleges what assets defendants allegedly transferred, how defendants transferred them, and the basic details of the conveyance. It also states why the transfer was allegedly fraudulent. *See Nishibun*, 1997 WL 168346, at *1.[2]

■ Further, the mere fact that plaintiff bases several of its allegations on "information and belief" does not mandate the conclusion that those allegations fail to meet the requirements of Rule 9(b). Although courts generally dismiss allegations of fraud based on information and belief, a fraud pleading that concerns matters peculiarly within the adverse party's knowledge will satisfy the 9(b) requirements if accompanied by a statement of facts upon which the belief is founded. *See Atlanta Shipping*, 631 F.Supp. at 348. The facts alleged in the First Amended Complaint reveal plaintiff's belief that the transfer was fraudulent because Modernfold Holdings knew of EMCO's obligations under the lease, and it nonetheless transferred EMCO's assets with the intent of avoiding any obligations EMCO owed to plaintiff under the terms of the lease. Because defendants offer no response to plaintiff's contention that facts relevant to its fraudulent conveyance claim are within defendants' knowledge and control, the Court is unable to favorably resolve defendants' argument that plaintiff's

allegations lack the requisite specificity to the extent that plaintiff bases them on "information and belief."

The Court therefore concludes that plaintiff's First Amended Complaint alleges facts with sufficient particularity under Rule 9(b). Accordingly, defendants' motions to dismiss must be overruled.

**IT IS THEREFORE ORDERED** that defendants EMCO and Modernfold's *Motion To Dismiss Pursuant [To] Rule 9(b)* (Doc. # 28) filed April 7, 1999, be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant Modernfold Holdings' *Motion To Dismiss Pursuant [To] Rule 9(b)* (Doc. # 34) filed April 15, 1999, be and hereby is **OVER-RULED.**

---

**2.** "Plaintiffs' second amended complaint fails to allege what assets were transferred, how the assets were transferred, what the value of the assets was, what consideration was given for the assets, and why that consideration was insuffi-

cient. The complaint fails to identify any details of the conveyance by which the assets were transferred and why this transfer was allegedly fraudulent."